Irwin D. Davidson, J.
This is an article 78 CPLR proceeding to vacate the opinion and determination of respondent upon the grounds that he acted arbitrarily, capriciously and in an unfair manner in that he failed to hold a hearing as required; and to direct respondent to conduct a hearing to determine the merits of petitioner’s claim.
Petitioner claims that he submitted an unfair labor practice charge to respondent against the Department of Hospitals because the said department discharged him for his activities rendered in behalf of a fellow employee against whom specific charges had been made. That such activities were rightfully pursued under the New York City Mayor’s Executive Order No. 49 which provides, in sum, that there shall be no discrimination against any employee because of said activity.
After an investigation of the charge, the respondent, without a hearing, held that the petitioner was not investigating a matter which may be construed as a grievance under the above-stated Executive Order, and was not engaged in permissible protected activity.
If this was not a grievance charge then petitioner was not entitled to a hearing before the respondent under the Executive Order.
*525 The submitted facts show that it was not a grievance charge.
Actually petitioner in his capacity as shop steward was not discharged for trying to protect his fellow employee per se. The evidence shows and it is unrefuted that petitioner, in endeavoring to get evidence in behalf of a fellow employee, who was facing departmental charges, arranged with another fellow employee to remove patients confined in the hospital in which the basis for the alleged departmental charge arose, from one floor to another floor in wheelchairs for purposes not connected with the disability, but solely for the purpose of bringing the patients before the petitioner so that the petitioner could interrogate the patient, without consideration of the welfare of the patients or the responsibility of the Department of Hospitals.
If petitioner were discharged merely because he attempted to get evidence, there would be a serious question whether the department was interfering with his rights under the Executive Order.
However, when an employee goes beyond the Executive Order in attempting to assist a fellow employee who is faced with departmental charges, said employee is susceptible to departmental charges for his affirmative acts if said acts violate the rules of the department or are otherwise detrimental to the city in its relationship to the hospital patients.
Accordingly, no issue of fact is presented which would require a trial of the issues herein.
The action of the respondent in holding that the activity of petitioner was not in pursuit of a grievance as defined under the Executive Order is fully sustained by the undisputed facts, and is not arbitrary, capricious and unfair.
Therefore, the petition is dismissed.